## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **HIRAM ANDRADES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **No. 11-cv-305 (RCL)** |
| ) | |
| **ERIC HOLDER, Attorney General,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

## MEMORANDUM OPINION

Before the Court are the following motions: defendant's Motion [9] to Dismiss or, Alternatively, for Summary Judgment; defendant's Motion [16] to Dismiss in Part or, Alternatively, for Summary Judgment in Part; plaintiff's Motion [25] for Leave to File a Second Amended Complaint; and plaintiff's Amended Motion [26] for Leave to File a Second Amended Complaint. Having carefully considered the motions, the oppositions, the replies and other responsive papers, the entire record in this case, and the applicable law, the Court will deny defendant's Motion [9] to Dismiss as moot, grant defendant's Motion [16] to Dismiss in Part, and deny both plaintiff's Motion [25] for Leave to File a Second Amended Complaint and his Amended Motion [26] for Leave to File a Second Amended Complaint. A review of the background of the case, the governing law, the parties' arguments, and the Court's reasoning in resolving those arguments follows.

## I.     BACKGROUND

The following facts are undisputed. Hiram Andrades is an employee of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF" or "Agency"). Def.'s SMF [9] 1 ¶1. In April 2009, while employed as a GS-14 Program Manager in the Agency's Office of Professional Responsibility and Security Operations in Washington, D.C., *id.* at 1 ¶4, Andrades

was randomly assigned to conduct an inspection of the Administration and Ethics Division of the Office of Chief Counsel. Def.'s SMF [16] 2 ¶3. However, at that time, the Administration and Ethics Division was representing the Agency in an EEO case brought by Andrades. *Id.* at 2 ¶4. As a result, that division was involved in propounding and responding to discovery, and relevant documents were being kept in its offices. *Id.* Associate Chief Counsel Eleaner Loos became concerned about the appearance of a conflict of interest, and raised those concerns with Acting Chief of Staff Anthony Torres. *Id.* at 2 ¶5. After some deliberations, it was decided that Andrades would be reassigned to lead an inspection of the Disclosure and Forfeiture Division instead. *Id.* at 2 ¶ 6.

In May 2009, Andrades responded to this reassignment by seeking leave to amend his pending EEO complaint. *Id.* at 3 ¶¶8, 9. That complaint related to Andrades' allegation that, sometime in 2008, ATF discriminated against him by not selecting him for a GS-14 Supervisory Criminal Investigator position. *Id.* He sought to include in that earlier EEO complaint an allegation that the Agency had retaliated against him by reassigning him to inspect the Disclosure and Forfeiture Division. *Id.* at 3 ¶9.

The next relevant incident began that same month, when ATF requested volunteers for an open GS-14 Divisions Operations Officer ("DOO") position in the Agency's Washington Field Division. Def.'s SMF [9] at 1 ¶2. Andrades asked that his name be considered for the transfer. *Id.* However, in July 2009, ATF decided against filling the DOO position from a volunteer list, and so advertised it and solicited applications instead. *Id.* at 2 ¶6. Andrades applied for the position on July 31, 2009, a couple of days after it was announced. *Id.* at 2 ¶7. He also allegedly learned, that same day, that his name had been "omitted" or "removed" from the now-defunct volunteer list. Am. Compl. [10] ¶53. Shortly thereafter, he sought EEO counseling, alleging that ATF had retaliated against him when it allegedly removed, or omitted, his name from the DOO

position volunteer list.  Compl. [1], Ex. 2 [1-2] at 2.  In early September 2009, Andrades was selected for the DOO position.  Def.'s SMF [9] at 2 ¶ 8.

In February 2011, after failing to obtain the relief he sought at the administrative level, Andrades filed suit in this Court[1] against Attorney General Eric Holder—who is the head of the Department of Justice, of which ATF is a sub-agency—as is required by Title VII.  Compl. [1] 1, Feb. 4, 2011; *see* 42 U.S.C. § 2000e-16(c).  In his initial Complaint, Andrades brought only a single count, alleging that ATF violated Title VII by "secretly remov[ing] or omitt[ing]" his name from the list of volunteers for the DOO position in 2009.  Compl. [1] 1–2, 6.  Despite the fact that this alleged omission or removal was ultimately of no consequence because the list was never used, and despite the fact that Andrades was, only two months later, *selected* for that very position, he alleged in his Complaint that he suffered "adverse physical and emotional manifestations," including "pain and suffering," from a "pattern of ongoing acts of discrimination" by ATF.  *Id.* at 10.  Andrades sought injunctive relief and compensatory damages, plus interest and costs.  *Id.* at 11.

In May 2011, ATF filed a Motion to Dismiss or, Alternatively, for Summary Judgment, seeking dismissal of the Complaint's only count.  Def.'s Mot. Dismiss [9] 1, May 12, 2011.  ATF argues in that Motion that its alleged failure to include Andrades on the volunteer list, and apparent "delay" in transferring Andrades laterally to the DOO position, were insufficient to constitute adverse employment actions for purposes of a retaliation claim under Title VII.  Def.'s Mem. [9] 5–10.  ATF also argued that any harm Andrades alleged he had suffered was cured when he got the job.  *Id.*  However, before responding to ATF's Motion to Dismiss, Andrades filed an Amended Complaint, adding a few additional counts.  Am. Compl. [10] 1, May 16, 2011.  Count 3 of his Amended Complaint contains the same allegation as the only claim in his

---

[1] This case was reassigned by consent from the Honorable Beryl A. Howell to this Court in February 2012. Reassignment [31] 1, Feb. 3, 2012.

initial Complaint—namely, that ATF retaliated against him by "omitt[ing] or remov[ing]" his name from the DOO position volunteer list in 2009. *Id.* ¶67. However, Counts 1, 2, and 4 are new. Count 1 is a discrimination claim, relating to his non-selection, in 2008, to a Supervisory Criminal Investigator position. *Id.* at ¶62–63. Count 2 is a retaliation claim relating to his 2009 reassignment from an inspection of the Administration and Ethics Division to an inspection of the Disclosure and Forfeiture Division. *Id.* ¶64–65. Count 4 is a hostile work environment claim, based upon the same acts that compose his other claims. *Id.* ¶70–79.

In response to Andrades' Amended Complaint, ATF filed a Motion to Dismiss in Part, seeking dismissal only of Counts 2, 3, and 4. Def.'s Mot. Dismiss in Part [16] 1, Aug. 17, 2011. ATF has elected not to move to dismiss Count 1 at this time, believing that additional factual development is required to properly evaluate it. Def.'s Mem. [16] 1–2, 1 n.1. As to Count 3 of Andrades' Amended Complaint—which is identical to the only count in Andrades' initial Complaint—ATF has incorporated its arguments from its first Motion to Dismiss. *Id.*

## II.     STANDARD OF REVIEW

A motion to dismiss is appropriate when a complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To overcome this hurdle, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). The Court must "accept as true all of the factual allegations contained in the complaint," *Atherton v. District of Columbia*, 567 F.3d 672, 681 (D.C. Cir. 2009), and grant a plaintiff "the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). However, the Court may not "accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint." *Id.* In other words,

"only a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009); *see also Atherton*, 567 F.3d at 681.   Finally, since Andrades is representing himself in this case, his Amended Complaint must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## III.   DEFENDANT'S MOTION [9] TO DISMISS

As an initial matter, since ATF's initial Motion to Dismiss seeks dismissal of a superseded pleading, the Court will deny that motion as moot. *See McKeithan v. Boarman*, No. 11-0086, 2011 WL 2669060, at *1 (D.D.C. July 7, 2011).   However, the Court has considered the arguments in that Motion, alongside Andrades' responses, in the context of its review of Count 3 of the Amended Complaint, which presents the same claim.   Furthermore, the Court notes that Andrades, in response to ATF's latest Motion to Dismiss, has withdrawn his hostile work environment claim in Count 4 of his Amended Complaint.  Pl.'s Mem. [19-1] 1, Sept. 10, 2011.   Accordingly, the sole issue before the Court is whether Andrades' retaliation claims (Counts 2 and 3 of the Amended Complaint) should be dismissed.   The Court concludes that because Andrades' Amended Complaint fails to allege facts that would establish retaliation for purposes of Title VII, Rule 12(b)(6) of the Federal Rules of Civil Procedure requires dismissal of Counts 2 and 3.

### A.  Count 2: Retaliatory Reassignment

Andrades alleges in his Amended Complaint that ATF retaliated against him by changing his inspection assignment from the Administration and Ethics Division to the Disclosure and Forfeiture Division. *See* Am. Compl. [10] ¶¶64–65.  For Andrades to make out a claim for retaliation, he must show that he engaged in statutorily protected activity, suffered an adverse employment action, and that there is a causal connection between the two. *Taylor v. Small*, 350 F.3d 1286, 1292 (D.C. Cir. 2003).  As to the adverse action prong, not all actions that are adverse

to a plaintiff qualify; such actions must be "materially" adverse to be actionable under Title VII. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67–68 (2006).   Trivial harms, by contrast, are not actionable.   *Id.*   The key question is whether the employer's actions, viewed objectively, would have dissuaded a reasonable worker from making or supporting a charge of discrimination.   *See id.* at 68.

Andrades has failed to plead, in his Amended Complaint, facts that would establish that his reassignment to an inspection of the Disclosure and Forfeiture Division constituted an adverse employment action under Title VII.   Other than insufficient conclusory assertions that this reassignment would dissuade an EEO complainant from filing a charge of discrimination, and that he suffered a loss of "professional esteem," "standing," "personal stress," and "mental pain and suffering,"   Am. Compl. [10] ¶65, Andrades does not allege facts that, when viewed objectively, would dissuade a reasonable worker from making or supporting a charge of discrimination.   He does not claim that the new assignment involved significantly different responsibilities, or that it caused him to suffer any objective harm.   *See Czekalski v. LaHood*, 589 F.3d 449, 457 n.8 (D.C. Cir. 2009).   As such, Count 2 of Andrades' Amended Complaint fails to state a claim for retaliation and it will be dismissed.

### B.  Count 3: Retaliatory Delay of a Lateral Transfer

The Court will also grant ATF's Motion to Dismiss with respect to Count 3 of Andrades' Amended Complaint, where he alleges that ATF retaliated against him by omitting or removing his name from a volunteer list for the DOO position.   *See* Am. Compl. [10] ¶66–68.   Once again, the conduct Andrades alleges is retaliatory in Count 3 is insufficient as a matter of law to constitute an adverse action for the purposes of Title VII.   First, Andrades' fails to explain *how* ATF's alleged failure to include his name on a list for a position he obtained two months later *through a different selection process* harmed him.   To the extent that the harm from ATF's

alleged removal or omission of Andrades' name from the volunteer list is characterized as a *delay* in hiring Andrades into the DOO position (which, it must be noted, Andrades does not allege in his Amended Complaint), a delay in obtaining a "lateral assignment," *see* Compl. [1] 2 n.1," cannot amount to an adverse action "without accompanying 'material adverse consequences.'" *Runkle v. Gonzales*, 391 F. Supp. 2d 210, 224 (D.D.C. 2005). Apart from insufficient conclusory allegations, *see* Am. Compl. [10] ¶68, Andrades fails to allege that he suffered, as a result of this delay, any consequences that could be objectively considered materially adverse. As such, Count 3 of his Amended Complaint fails to state a claim for retaliation under Title VII.

In sum, the Court will dismiss Counts 2 and 3 of Andrades' Amended Complaint.

## IV.   PLAINTIFF'S MOTIONS [25, 26] FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

Following ATF's filing of its second Motion to Dismiss in August 2011, Andrades filed a Second Amended Complaint with the Court. 2d Am. Compl. [21] 1, Sept. 20, 2011. However, he did not seek leave. Made aware of this procedural error, Andrades subsequently filed two, apparently duplicative, motions for leave to file the already filed Second Amended Complaint. *See* Mot. Leave to File 2d Am. Compl. [25], Oct. 4, 2011; Am. Mot. Leave to File 2d Am. Compl. [26], Oct. 4, 2011. A plaintiff may amend a complaint a second time by leave of court, and leave should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, Andrades' motions for leave do not identify, or provide a basis for, the further amendments, hampering the Court's ability determine whether justice requires them. After review of Andrades' proposed Second Amended Complaint, the Court notes that Andrades has added some additional facts to support his contention that his reassignment in 2009 constituted an adverse employment action—*see, e.g.*, 2d Am. Compl. [21] ¶¶44, 60—but these additional allegations

would not cure the pleading deficiency in Count 2 identified above, and so that count would still not survive a motion to dismiss.  Since these amendments to his Amended Complaint would be futile, his motions for leave will be denied.  *See In re Interbank Funding Corp. Sec. Litig.*, 629 F.3d 213, 215–16 (D.C. Cir. 2010).  The Court will also direct the Clerk of the Court to strike Andrades' improperly filed Second Amended Complaint from the record.

## V.    CONCLUSION

Therefore, for the reasons stated above, the Court will deny defendant's Motion [9] to Dismiss or, Alternatively, for Summary Judgment as moot, grant defendant's Motion [16] to Dismiss in Part or, Alternatively, for Summary Judgment in Part, and deny both plaintiff's Motion [25] for Leave to File a Second Amended Complaint and his Amended Motion [26] for Leave to File a Second Amended Complaint.

A separate Order consistent with this Memorandum Opinion shall issue this date.

Signed by Royce C. Lamberth, Chief Judge, on March 1, 2012.