UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HIRAM ANDRADES, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>ERIC HOLDER, Attorney General )<br>    Defendant. )<br>) | Civil Action No. 11-00305 (RCL) |

**MEMORANDUM OPINION**

**I. INTRODUCTION**

Currently before the Court is a Motion to Quash And/Or For Protective Order Limiting the Scope of Subpoenas [37] filed by defendant, Eric Holder ("Holder").[1]  The Motion asks the Court to quash plaintiff Hiram Andrades' ("Andrades") three subpoenas for failing to comply with Federal Rule of Civil Procedure 45(a)(2)(C) and 45(b)(2).  In the alternative, the defendant requests that the Court quash the subpoenas, pursuant to Rule 26(b)(1), because they are overly broad and outside the scope of permissible discovery.  Upon consideration of the Motion [37], the Opposition [39], the Reply [40] thereto, the applicable law, and for the reasons set forth below, the Court grants defendant's Motion to Quash.[2]

---

[1] Holder is being sued in his official capacity as Attorney General and head of the Department of Justice. Plaintiff is an employee of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), which is a sub-agency located within the Department of Justice. Mem. Op. [33] at 3, Mar. 1, 2012.

[2] In addition to the parties' standard briefs, plaintiff requests leave to file a surreply to defendant's response. Plaintiff, however, failed to follow the Local Rules for the United States District Court for the District of Columbia. *See* LCvR 7(m). Since plaintiff failed to confer with the defendant regarding leave to file his surreply, the Court strikes the arguments set forth in that document.

1

**II.   BACKGROUND[3]**

This matter arises out of a discovery dispute concerning plaintiff's discrimination claim.[4] Shortly after this Court dismissed Counts Two and Three of plaintiff's amended complaint, the parties submitted a Joint Report to the Court concerning discovery, in which the parties stipulated to the length of time required for discovery (six months) and to the date of termination of discovery (October 1, 2012).  Joint Report Local Rule 16.3 Conference [34] at 2–3, March 13, 2012.  Discovery appeared to proceed without problem until June 19, 2012, when plaintiff issued, via the Clerk of Court, three subpoenas.  Def.'s Mot. Quash [37] at 1, June 26, 2012.

Andrades subpoenaed three individuals related to ATF, two retired employees and a current contractor.  Pl.'s Resp. [39] at 3, July 1, 2012.[5]  With regard to retired employees, Willie J. Brownlee ("Brownlee") and Edgar Domenech ("Domenech"), Andrades' subpoenas asked both men to produce a "copy of [their] personal e-mail archive of ATF emails created, deleted, sent or received, while in the employment of ATF."  Ex. 1, Pl.'s Resp. [39-1] at 8, July 1, 2012. With regard to contractor DSZ, Inc. ("DSZ"), Andrades seeks a "[c]opy of [the] original EEO Investigation File ATF Agency Number 2008-00364 and [the] investigator's original notes."  *Id.* at 14.  Although the Clerk of the Court issued the subpoenas, the Clerk also explained that the defendant or the third parties themselves could move for protection from the subpoenas after reviewing them.  Def.'s Mot. Quash [37] at 1.

---

[3] The Court will merely provide a brief overview of the pertinent facts and history relevant to plaintiff's most recent claim.  A more detailed description of the factual and procedural background can be found in this Court's March 1, 2012, Memorandum Opinion.  *See Andrades v. Holder*, 11-CV-305, 2012 U.S. Dist. LEXIS 26556 (D.D.C. Mar. 1, 2012).

[4] Plaintiff's discrimination claim survived earlier litigation because the defendant admitted that "additional factual development [was] needed to properly evaluate it."  Mem. Op. [33] at 4.

[5] Although plaintiff originally filed a response to defendant's Motion on June 27, 2012, plaintiff submitted an amended response on July 1, 2012.  *See* Pl.'s Resp. [39].  Since plaintiff amended his response in a timely fashion, the Court will only consider the arguments in plaintiff's "corrected response."  *Id.*

Defendant argues that the Court should quash plaintiff's subpoenas for procedural defects pursuant to Federal Rules of Civil Procedure 45(b)(2) and 45(a)(2)(C). *Id.* at 1–3. Defendant also maintains that plaintiff's subpoenas are overly broad, and fail to comply with Rule 26(b)(1). *Id.* at 3–5. In response, plaintiff contends that he is willing to modify his subpoenas of Brownlee and DSZ to comply with Rule 45(a)(2)(C). Pl.'s Resp. [39] at 3. Plaintiff also argues that since his subpoenas only involve obtaining copies of electronic files, Rule 45(b)(2) should not apply. *Id.* at 3–4. Finally, plaintiff contends that "the burden and expense related to" producing a copy of the personal email archive of Brownlee and Domenech "is minimal." *Id.* at 4.

## III. DISCUSSION

Federal Rule of Civil Procedure 45 governs the circumstances in which a Court may quash a subpoena. Rule 45(a)(2)(C) states that a subpoena for production or inspection "if separate from a subpoena commanding a person's attendance, [must issue] from the court for the district where the production or inspection is to be made." At plaintiff's request, the Clerk issued three production subpoenas: one each to Brownlee, DSZ, and Domenech. These subpoenas list production addresses in Reston, Virginia; Arlington, Virginia; and New York, New York, respectively. The appropriate issuing Courts for Andrades' subpoenas therefore, are Courts in the Eastern District of Virginia and Southern District of New York, not the District Court for the District of Columbia. *See* Fed. R. Civ. P. 45(a)(2)(C). Thus, this Court cannot issue these subpoenas because the plaintiff would benefit from information improperly produced to him in the Eastern District of Virginia and Southern District of New York. Accordingly, defendant's motion to quash the subpoenas must be granted.[6]

---

[6] The Rule itself does not preclude the plaintiff from seeking to obtain the same information and documents with regard to Brownlee and DSZ, if plaintiff issues new subpoenas, listing Washington D.C. addresses, in compliance with Rule 45 of the Federal Rules of Civil Procedure. *See* Pl.'s Resp. [39] at 3. *But see* text following.

3

Notwithstanding the procedural defects associated with plaintiff's subpoenas, the Court notes that Brownlee and DSZ's subpoenas—in their current form—are excessively broad and improper. Federal Rule of Civil Procedure 26(b) authorizes discovery "regarding any non-privileged matter that is relevant to any party's claim or defense." *See e.g. Food Lion, Inc. v. United Food and Commercial Workers Int'l. Union*, 103 F.3d 1007, 1012 (D.C. Cir. 1997). The discovery rules, however, are not an open-ended invitation to subject a party to irrelevant, unduly burdensome, or otherwise improper discovery requests. *See* Fed. R. Civ. P. 26(b)(2)–(3), (c). Accordingly, a court may limit discovery if it determines that the "burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issue at stake in the litigation, and the importance of the proposed discovery in resolving those issues." *See Hammerman v. Peacock,* 108 F.R.D. 66, 67 (D.D.C. 1985). Andrades' request for a copy of all of Brownlee's emails, including emails he "created, deleted, sent or received, while in the employment of ATF" is not narrowly tailored to achieve his stated objective—whether there is evidence of discrimination in his Title VII non-selection claim. Ex. 1, Pl.'s Resp. [39-1] at 8. Therefore, the Court would also quash the Brownlee and DSZ subpoenas on these alternative grounds. *See* Pl.'s Resp. [39] at 9.

With regard to plaintiff's DSZ subpoena, defendant does not argue that the subpoena is overly broad; rather, defendant argues that releasing a copy of the requested information would violate Privacy Act concerns. Def.'s Mot. Quash [37] at 4–5. This Court, however, need not address defendant's argument since plaintiff's subpoena remains procedurally improper and the protective order issued today may alleviate some of the defendant's issues concerning DSZ's subpoena.

## IV.     CONCLUSION

For the aforementioned reasons, this Court grants defendant's Motion to Quash And/Or For a Protective Order Limiting the Scope of Subpoenas [37]. Accordingly, it is hereby

**ORDERED** that defendant's Motion to Quash And/Or for a Protective Order Limiting the Scope of Subpoenas [37] is **GRANTED**. All three subpoenas are hereby **QUASHED**.

**SO ORDERED.**

Signed by Royce C. Lamberth, Chief Judge, on August 20, 2012.